C. B. HAYNES CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7192, 15121.    Promulgated February 7, 1927.

The evidence being inconclusive as to losses actually sustained within the taxable years on account of unsalable merchandise, the respondent's refusal to accept a recomputation of inventories for those years approved.

*DeWitt T. Ware, C. P. A.*, for the petitioner.
*F. O. Graves, Esq.*, for the respondent.

These proceedings result from the determination by respondent of deficiencies in income and profits taxes for the calendar years 1919, 1920, and 1921, in the respective amounts of $6,244.86, $3,213.97 and $1,689.91. The appeals for all years have been consolidated for hearing and decision. Error is alleged concerning the year 1919, in that respondent denied petitioner's application for assessment of profits tax, under the provisions of section 328 of the Revenue Act of 1918. Error is alleged concerning the years 1920 and 1921, in that respondent refused to accept a recomputation of inventories for those years, wherein there were excluded by petitioner unsalable phonograph records.

FINDINGS OF FACT.

Petitioner is a Virginia corporation with principal office located at 19 West Broad Street, Richmond, and was, during the years in question, a wholesale and retail dealer in Edison phonographs, phonograph records and accessories. Inventories for 1920 and 1921 were taken on the basis of cost and were so reported in returns filed for the years in question. Phonograph records were recorded in the inventory at cost, with adjustments each year reflecting the then cost or replacement value. During 1920 the stock holdings in the corporation changed, and the new officials became aware of the fact that the corporation had on hand many phonograph records that were unsalable and that there was no demand by the public for certain records. In March or April, 1921, a card system reflecting the value of each phonograph record was made and the cards segregated according to the current marketability of the various records. As a result of such segregation, it was concluded that on December 31, 1920, the corporation had on hand 55,281 phonograph records of the then cost value of $42,360.05, which represented unsalable merchandise. For the year ended December 31, 1921, the corporation carried forward at cost, in its inventory, the 55,281 phonograph records it had concluded were unsalable at December 31, 1920, at the then replace-

ment cost of $46,364.77. Represented in the records determined by the corporation to be unsalable were phonograph records purchased during the year 1916 and succeeding years, with a large percentage of the records having been purchased in the year 1919. Many of the records purchased in 1916 had become worthless in 1916, and this situation obtains concerning records purchased in the years 1917, 1918, and 1919, which were included in the unsalable records determined as of December 31, 1920.

## OPINION.

MILLIKEN: No evidence whatsoever was introduced by petitioner respecting its claim to have its profits taxes computed pursuant to the provisions of section 328 of the Revenue Act of 1918, and, accordingly, the refusal of the respondent to so compute its taxes is approved.

We entertain no doubt that, included in petitioner's inventory at the close of the years 1920 and 1921, there were represented phonograph records which had become worthless. We have no evidence upon which to base an opinion as to the number, date of purchase, or cost of the records that became worthless during the years in question. The president of the petitioner testified that many of the phonograph records, which he determined to be worthless in 1921, had been purchased as far back as the year 1916 and that the records became worthless in the year purchased, and also that the bulk of the records determined to be worthless as of December 31, 1920, had been purchased in the year 1919 and became worthless during the year of purchase. He was also unable to state the number of records purchased during the years 1920 and 1921, or the number of records purchased during those years that became worthless. In the circumstances, we are of the opinion that the proof of loss in the years 1920 or 1921 is inconclusive, and for this reason the respondent, in disallowing the reduction of inventory with respect to phonograph records, is sustained. *Appeal of R. A. Bartley,* 4 B. T. A. 874.

*Judgment will be entered for the respondent.*